PAULA D. PEARLMAN (SBN 109038)
Paula.Pearlman@lls.edu
MICHELLE UZETA (SBN 164402)
Michelle.Uzeta@lls.edu
MARONEL BARAJAS (SBN 242044)
Maronel.Barajas@lls.edu
**DISABILITY RIGHTS LEGAL CENTER**
800 S. Figueroa St., Ste 1120
Los Angeles, California 90017
Tel: (213) 736-1496
Fax: (213) 736-1428

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.T., a minor, by and through her Guardian *Ad Litem*, JAN BOWERS THOMAS,<br><br>           Plaintiff,<br>    vs.<br><br>COMPTON UNIFIED SCHOOL DISTRICT, a public entity; SUPERINTENDENT DARIN BRAWLEY in his official capacity, LOS ANGELES COUNTY OFFICE OF EDUCATION, a public entity; SUPERINTENDENT ARTURO DELGADO in his official capacity; and DOES 1 - 9, inclusive,<br><br>           Defendants. | **Case No.:** CV 13-01889-PSG (PLAx)<br><br>**AMENDED JOINT NOTICE OF MOTION AND MOTION FOR COURT APPROVAL OF MINOR'S COMPROMISE [Local Rule 83-5]**<br><br>Hearing Date: November 25, 2013<br>Time:           1:30 p. m.<br>Location:      255 E. Temple St.<br>                      Courtroom 880<br>                      Los Angeles, CA 90012 |

/ /

/ /

/ /

//

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on November 25, 2013 at 1:30 p.m. or as soon thereafter as the matter may be heard by the Hon. Philip S. Gutierrez in the United States District Court, Central District of California, located at 255 E. Temple St., Room 880, Los Angeles, California, Plaintiff S.T., a minor, by and through her Guardian *ad litem*, Jan Bowers Thomas, and Defendants Los Angeles County Office of Education and Superintendent Arturo Delgado will and hereby jointly, by and through their respective counsel of record, move this Court for approval of a minor's compromise on the basis that the settlement agreed to by these parties, and after extensive negotiations, is fair, reasonable and in the best interest of Plaintiff, S.T., the minor.

This motion is based upon this notice, the accompanying memorandum of points and authorities; the concurrently filed Declarations of Plaintiff's counsel, Maronel Barajas, and S.T.'s Guardian *ad litem*, Jan Bowers Thomas; the pleadings and records on file with the Court in this action; and any argument or additional evidence as may be requested by the Court or presented at the time of hearing, if a hearing is deemed necessary.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: October 3, 2013 | Disability Rights Legal Center |
|  | By:   s/ Maronel Barajas<br>Maronel Barajas<br>Attorney for Plaintiff, S.T., a minor, by and through her Guardian *Ad Litem*, Jan Bowers |
| Dated:  October 3, 2013 | Los Angeles County Office of Education |
|  | By:   s/ Vibiana M. Andrade<br>Vibiana M. Andrade<br>General Counsel for Defendants Los Angeles County Office of Education and Superintendent Arturo Delgado |

# **MEMORADNDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Pursuant to Central District Local Rule 83-5.1, California Code of Civil Procedure section 372, and California Rule of Court 3.1384, Plaintiff S.T., through her guardian *ad litem*, Jan Bowers Thomas, petitions this Court for issuance of an order approving the settlement with the Los Angeles County Office of Education and Superintendent Arturo Delgado ("Settling Defendants"), on behalf of minor plaintiff S.T (collectively, "Parties"). Following several months of negotiations and drafting, the Parties have entered into a full and final settlement that the Parties agree is fair, reasonable, and in the best interest of S.T., the minor. By this motion, the Parties jointly seek Court approval of the settlement on behalf of S.T.

## II. FACTUAL AND PROCEDURAL BACKGROUND

This action arose out of a dispute between plaintiff S.T., a ten- year-old student at Longfellow Drew Elementary school, who is diagnosed with cerebral palsy and spastic quadriplegia, and the Los Angeles County Office of Education ("LACOE") and Compton Unified School District ("CUSD") (collectively, "Defendants"). Plaintiff alleged that Defendants failed to, among other things, (1) construct and/or remove architectural barriers; (2) provide reasonable accommodations to S.T. on campus; (3) adequately address the needs of students with mobility disabilities in its emergency plans, and; (4) integrate students with disabilities with their non-disabled peers during meal times, recreational activities, and through classroom location.

On or about March 22, 2013, S.T., by and through her guardian *ad litem* Jan Bowers Thomas, filed the instant action ("Complaint"), alleging that Defendants discriminated against S.T. in violation of the Americans with Disabilities Act and related laws. Specifically, plaintiff asserted six claims for relief against defendants LACOE; Arturo Delgado in his official capacity as Superintendent of LACOE; CUSD; and Darin Brawley in his official capacity as Superintendent of CUSD, and

Disability Rights Legal Center
800 S. Figueroa Street, Suite 1120
Los Angeles, CA 90017

1 DOES 1-9 inclusive. (Dkt. No. 5.) The Complaint, includes federal claims under the
2 Americans with Disabilities Act (42 U.S.C. §§ 12101 *et seq.*), and Section 504 of the
3 Rehabilitation Act of 1973 (29 U.S.C. §§ 794 *et seq.*); state law claims under the
4 California Government Act (Cal. Gov. Code § 11135), the Unruh Civil Rights Act
5 (Cal. Civ. Code §§ 51 *et seq.*), the Blind and Other Physically Disabled Persons Act
6 (Cal. Civ. Code § 54 *et seq.*), and the California Government Code §815.6 (Cal. Civ.
7 Code § 815.6), seeking injunctive relief to keep Defendants from violating federal and
8 state disability laws, Declaratory relief that Defendants conduct violates federal and
9 state disability laws, damages and attorneys' fees and costs. (*Id.*)
10       Shortly after Plaintiff's Complaint was filed, on or about April 2013, CUSD
11 transferred S.T (and the entire special education program) to Lincoln Elementary
12 School, an action which satisfactorily addressed Plaintiff's claim for injunctive relief
13 against Defendant LACOE only. (Barajas Decl. ¶ 8; Bowers Decl. ¶ 5.)
14       On or about May 3, 2013, LACOE filed its answer to the Complaint, denying
15 all liability arising from Plaintiff's allegations. (Dkt. No. 12.) In the months that
16 followed, Plaintiff and LACOE engaged in negotiations to resolve Plaintiff's
17 remaining claim for damages. (Barajas Decl. ¶ 9.) In order to facilitate the
18 Agreement, Plaintiff's counsel substantially lowered its attorneys' fees demand.
19 (Barajas Decl. ¶ 13.) On or about August 10, 2013, the parties reached a formal
20 settlement (the "Agreement"), which memorialized the terms of settlement to address
21 S.T.'s claims against Settling Defendants. (Barajas Decl. ¶ 10.) The Agreement has
22 now been executed by the Parties. (*Id.*) A copy of the executed Agreement appears as
23 Exhibit A to Ms. Barajas' Declaration.
24       Because the Agreement is agreed to by the Plaintiff and Settling Defendants
25 and it affords S.T. the benefit of compensating her for the harm she suffered as the
26 result of the alleged violations, including injury in the form of a loss of civil rights and
27 emotional distress related thereto, unless the Court has any concerns or questions
28 about the proposed settlement, the settling parties are agreeable to entry of the

concurrently-lodged [PROPOSED] Order approving the minor's compromise without a formal hearing on the matter.

### III. THIS APPLICATION SHOULD BE GRANTED BECAUSE THE SETTLEMENT AGREEMENT IS FAIR, REASONABLE AND IN THE BEST INTEREST OF PLAINTIFF S.T., AND WAS NEGOTIATED WITH THE ASSISTANCE OF EXPERIENCED COUNSEL

District courts have a special duty under Federal Rules of Civil Procedure 17(c) to protect the interests of litigants who are minors. *Robidoux v. Rosengren,* 638 F.3d 1177, 1181 (9th Cir. 2011). In evaluating a settlement which involves the claims of a minor, the role of the court is "to assure itself that the minor's interests are protected." *Robidoux*, 638 F.3d at 1181 (citation omitted). To that end, the court evaluates whether the settlement is fair and reasonable to the minor. *Id.; Gonzalez, Jr. v. United States of America*, 2012 U.S. Dist. LEXIS 2015, *11-12 (E.D. Cal. 2012).

Under the Local Rules of the District Court of the Central District of California: "[n]o claim in any action involving a minor [] shall be settled, compromised or dismissed without leave of the Court." C.D. Cal. L.R., 83-5.1. Further, any such motion submitted to the Court for approval "shall conform to California Code of Civil Procedure Section 372 and California Rule of Court 3.1834." C.D. Cal. L.R., 83-5.2. Accordingly, any motion seeking approval of a settlement agreement entered into on behalf of a minor, commonly referred to as a "minor's compromise," must contain a full disclosure of all information that has any bearing on the reasonableness of the compromise or settlement. *See*, Cal. Rules of Court, Rule 7.950.

In the instant case, both the terms of the Agreement as well as the nature of the settlement process, demonstrate that settlement is fair and reasonable and that S.T.'s interests were protected.

//

### A. The Terms of the Settlement Are Fair, Reasonable and in the Best Interest of S.T.

Here, the Parties entered into a settlement agreement after extensive negotiations over a 3-month period. Both parties are represented by experienced counsel who negotiated the terms of the agreement. (Barajas Decl. ¶¶ 4-5.) Plaintiff's counsel did not become involved with this matter, directly or indirectly, at the request of a Defendant or any party's insurance carrier. (Barajas Decl. ¶ 3.) Nor is Plaintiff's attorney representing, employed by, or associated with a Defendant or insurance carrier in this matter. (*Id.*)

The Agreement includes damages and attorneys' fees and costs in a lump sum settlement payment in the amount of $30,000. (Barajas Decl. ¶ 11 and Ex. A at p.2.) The Agreement specifies that distribution of the settlement funds shall be made as follows: $20,000 to S.T., and $10,000 to Disability Rights Legal Center for attorneys' fees and costs. (*Id.*) Based on Plaintiff's counsel's knowledge and experience litigating disability rights cases, the amount S.T. will receive is fair and reasonable. (Barajas Decl. ¶ 12.) To facilitate settlement, Plaintiff's counsel made a substantial reduction in the amount of attorneys' fees and costs as the total of attorneys' fees and costs amount to over $47,000 on this case prior to settlement execution, and not including work on this underlying motion. (Barajas Decl. ¶ 13.) Ms. Bowers has conducted a careful and diligent inquiry and investigation to ascertain the facts relating to the incidents as described. (Bowers Decl. ¶ 10.) Ms. Bowers notes that she is fully satisfied with the Agreement overall, S.T.'s share of damages, and their attorneys' share in fees and costs. (Bowers Decl. ¶¶ 7-9,12.) She fully understands that if the settlement proposed in this petition is approved by the Court and is consummated, the minor plaintiff will be forever barred from seeking any further recovery of compensation from the Settling Defendants, even though the minor plaintiff's injuries may in the future appear to be more serious than they are now thought to be. (Bowers Decl. ¶ 10.) The Agreement does not include any terms or

provisions pertaining to CUSD or Superintendent Brawley because that case is ongoing. (Barajas Decl. ¶10 and Exhibit A.; Bowers Decl. ¶ 6.)

Each of Plaintiff's individual claims was disputed by Defendants, and had Plaintiff risked going to trial, each of Plaintiff's claims for damages and injunctive relief could have resulted in an adverse judgment resulting in no award of damages or other relief. (Barajas Decl. ¶ 12.) Plaintiff and Plaintiff's counsel are therefore pleased with the outcome of the litigation as it pertains to the Settling Defendants, and that compensation that S.T. will receive for the harm that she suffered. (Barajas Decl. ¶¶ 12,15-16; Bowers Decl. ¶¶ 7-9, 12.) S.T.'s damages, as assessed against LACOE, are fair and reasonable given that the categories of damages are limited to emotional distress, and that liability on her claim is attributable to more than one defendant and was not a foregone conclusion (Barajas Decl. ¶12; Bowers Decl. ¶7.) This amount, based on Plaintiff's counsel experience in disability rights cases, is reasonable and commonplace for such claims. (Barajas Decl. ¶12.) Further, Ms. Bowers is pleased that this Agreement was reached relatively swiftly. (Barajas Decl. ¶ 16; Bowers Decl. ¶ 9.)

In light of these terms, including that Plaintiff's counsel compromised significantly on the attorneys' fees and costs, the Parties believe that S.T.'s interests are adequately provided for and that the terms of the Agreement are fair, reasonable, and in the best interest of S.T.

**B. Disposition of Proceeds of Settlement**

This Court has discretion, pursuant to California Probate Code section 3611(d) to order the minor Plaintiff's portions of the settlement be held on such conditions as is in the best of interest of the minor plaintiff. Here, the money to be dispersed to the minor plaintiff pursuant to the Agreement does not exceed twenty-thousand dollars ($20,000). (Barajas Decl. ¶ 11 and Exh. A at p.2.) There is no guardianship or conservatorship over S.T.; she has been represented by her mother as her court-appointed guardian *ad litem*, Jan Bowers. (Bowers Decl. ¶¶ 3, 11.) As such, there is

no need or requirement that her settlement proceeds be placed in a special needs or other trust instrument. Ms. Bowers resides with, and is fully responsible for the care of the minor plaintiff. (*Id.*) She attests that she will use the minor plaintiff's settlement award for her care and benefit and in her best interest only. (*Id.* at ¶ 11.) Accordingly, Ms. Bowers requests that the proceeds of the Agreement be paid directly from Disability Rights Legal Center's client trust account into a bank account that she has established and will administer, to be used for S.T.'s care and benefit only. (*Id.*; *see also* Barajas Decl. ¶ 17.) In this instance, it is in the best interest of S.T. to have her settlement delivered directly to the bank account that her natural mother and guardian *ad litem,* Ms. Bowers, has created to use for her care and benefit only, as she sees fit.

## IV. CONCLUSION

Based on the foregoing, the Parties jointly request that the Court find the proposed settlement to be fair, reasonable and in the best interest of S.T., the minor and enter the concurrently-lodged [PROPOSED] Order Approving Minor's Compromise.

Respectfully submitted,

Dated: October 3, 2013          **DISABILITY RIGHTS LEGAL CENTER**

By: s/Maronel Barajas
Maronel Barajas
Attorney for Plaintiff, S.T., a minor, by and through her Guardian *Ad Litem*, Jan Bowers

Dated: October 3, 2013          **LOS ANGELES COUNTY OFFICE OF EDUCATION**

By: s/Vibiana M. Andrade
Vibiana M. Andrade
General Counsel for Defendants Los Angeles County Office of Education and Superintendent Arturo Delgado