1  PAULA D. PEARLMAN (SBN 109038)
   Paula.Pearlman@lls.edu
2  MARONEL BARAJAS (SBN 242044)
   Maronel.Barajas@lls.edu
3  ANNA RIVERA (SBN 239601)
   Anna.Rivera@lls.edu
4  **DISABILITY RIGHTS LEGAL CENTER**
   800 S. Figueroa St., Ste. 1120
5  Los Angeles, California 90017
   Tel: (213) 736-1496
6  Fax: (213) 736-1428

7  Attorneys for Plaintiff

8

9             **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11

12 S.T., a minor, by and through her      ) Case No.: CV 13-01889-PSG (PLAx)
   Guardian *Ad Litem*, JAN BOWERS       )
13 THOMAS,                                )
                                          )
14          Plaintiff,                    ) **PLAINTIFF'S NOTICE OF MOTION**
        vs.                               ) **AND MOTION SEEKING LEAVE TO**
15                                        ) **FILE FIRST AMENDED**
   COMPTON UNIFIED SCHOOL                 ) **COMPLAINT; MEMORANDUM OF**
16 DISTRICT, a public entity;             ) **POINTS AND AUTHORITIES IN**
   SUPERINTENDENT DARIN                   ) **SUPPORT THEREOF**
17 BRAWLEY in his official capacity, LOS  )
   ANGELES COUNTY OFFICE OF               )
18 EDUCATION, a public entity;            ) *[Proposed] Order filed concurrently*
   SUPERINTENDENT ARTURO                  ) *herewith.*
19 DELGADO in his official capacity; and  )
   DOES 1 - 9, inclusive,                 )
20                                        )
            Defendants.                   ) DATE:        January 27, 2014
21                                        ) TIME:        1:30 p.m.
                                          ) COURTROOM:   880/Roybal
22                                        )
                                          )
23                                        )
                                          )
24                                        )
                                          )
25                                        )
                                          )
26 _____       )

27 / / /

28 / / /

                             1

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

  **PLEASE TAKE NOTICE** that on January 27, 2014, in the Courtroom of the Honorable Philip S. Gutierrez, located at 255 East Temple Street Los Angeles, California, at the hour of 1:30p.m., Plaintiff S.T., a minor, by and through her Guardian *Ad Litem*, Jan Bowers Thomas, will move and hereby does move, pursuant to Federal Rule of Civil Procedure 15(a)(2) for leave to file her First Amended Complaint, attached hereto as Exhibit A.

  Plaintiff respectfully requests that this Court grant her leave to file the First Amended Complaint to permit her to seek complete and necessary relief against Defendants, and obviate the need for future litigation. The proposed amendment will not cause any prejudice to Defendants.

  The Motion shall be based upon this Notice, the attached Memorandum of Points and Authorities, a copy of the proposed First Amended Complaint for Declaratory and Injunctive Relief, which is attached hereto, the Declaration of Anna Rivera in Support of Plaintiff's Motion, all of the documents and records on file in this action and such other and further matters that may be presented at hearing.

  This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on a series of correspondences and calls between November 14, 2013 and November 15, 2013.


DATED: November 18, 2013

                              _____
                              Anna Rivera
                              Attorneys for Plaintiff. S.T., a minor, by and through
                              her Guardian *Ad Litem*, Jan Bowers Thomas

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff S.T., a minor, by and through her Guardian Ad Litem, JAN BOWERS THOMAS ("Plaintiff") seeks the Court's leave to file a First Amended Complaint under Federal Rule of Civil Procedure 15(a)(2). Plaintiff proposes the First Amended Complaint in order to address accessibility barriers at both her current elementary school placement and the middle and high school placements to which she will soon matriculate, all of which constitute Defendants' K-12 educational program.

Plaintiff filed her lawsuit against Defendants on March 22, 2013 alleging Defendants' failure to provide S.T. with meaningful access to its educational services, programs and activities - and specifically at Longfellow Elementary School (hereafter "Longfellow") - by, among other things, (1) constructing and/or failing to remove architectural barriers; (2)  failing and/or refusing to provide reasonable accommodations to S.T. on campus; (3) segregating students with disabilities from their non-disabled peers during meal times, recreational activities, and through classroom location, and (3) failing to adequately address the needs of students with mobility impairments in its emergency management plans.

In April 2013, Defendants transferred S.T. and the entire special education program to Lincoln Elementary School, a school site they profess to be fully compliant. In fact, this school site presents barriers including: inaccessible paths of travel, an inaccessible stage in the cafeteria, and inaccessible restroom facilities.  On information and belief, Defendants' middle and high school facilities - to which Plaintiff will soon matriculate - present the same barriers. First Amended Complaint ("FAC") at ¶ 1-2, 29-35.   These barriers prevent and/or deter Plaintiff from having meaningful access to the K-12 educational program offered by Defendants to members of the public through Compton Unified School District.[1]

---

[1] The specific barriers Plaintiff seeks to be remedied through this litigation will be confirmed and identified through a site inspection, to be noticed immediately following the filing of the First

Plaintiff therefore proposes her amendment for the practical purpose of ensuring her ability to seek complete and necessary relief against Defendants, and obviate the need for future, piecemeal litigation to ensure her meaningful access to Defendants' K-12 educational program. The proposed amendment will not cause any prejudice to Defendants.

## II.      LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend "shall be freely given when justice so requires."[2] In exercising its discretion to allow amendments to pleadings, "a court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits, rather than on the pleadings or technicalities."[3] Leave to amend is "to be applied with extreme liberality."[4] Rule 15(a) thus requires a strong showing by the opposing party of prejudice, delay, futility, or bad faith before leave to amend may be denied.[5]

## III.     BACKGROUND

The deadline to amend in the instant case has not yet passed.

## IV.      ARGUMENT

### 1. *Defendants Cannot Make the Requisite Showing to Support Denial of Plaintiff's Request*

"Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment."[6] None of these factors is present here, accordingly Plaintiff's motion for leave should be granted.

---

Amended Complaint.
[2] *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)).
[3] *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).
[4] *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (citation omitted).
[5] *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003); *Foman*, 371 U.S. at 182.
[6] *Roth*, 942 F.2d at 628.

4

### a. Bad Faith

In considering whether leave to amend has been sought in bad faith, courts typically examine the purpose of the amendment.[7] Here, Plaintiff is a student with disabilities eligible and qualified for the K-12 educational program offered by Defendants to the public.  Plaintiff seeks to amend her complaint to ensure she has meaningful access to Defendant's program for the duration of time she intends to be a student participating in the program, that is, through elementary, middle and high school grade levels. Plaintiff therefore seeks to amend her Complaint for the practical purpose of ensuring her ability to seek complete and necessary relief against Defendants, and obviate the need for future, piecemeal litigation. Bad faith cannot be inferred from these circumstances.

Based on the position they took during the meet and confer process, Defendants are expected to take the position that Plaintiff's proposed amendment is in bad faith because her standing is limited to the current elementary school site in which she is placed.  Defendants' position belies logic however, given the nature of a K-12 educational program and the Court's strong interest in judicial efficiency.

Generally, in order to demonstrate Article III standing, plaintiffs must show 1) an injury in fact, 2) that it is fairly traceable to defendants' challenged actions, and 3) that the injury would likely be redressed by a favorable decision.  In the instant case however, Plaintiff need not "suffer the public humiliation of unsuccessfully attempting to enter a public school facility.... To satisfy the actual injury requirement, all [she] must demonstrate is a real and immediate threat that a particular barrier will cause future harm." See Bacon v. City of Richmond, 386 F.Supp.2w 700, 705 ( E.D. Va. 2005) citing Disabled Americans for Equal Access Inc. v. Ferries Del Caribe, Inc., 405 F.3d 60, 64 (1st Cir. 2005).  Plaintiff can make this requisite showing. Plaintiff's family resides in, and has no intention of moving from the Defendant

---

[7] See *Owens*, 244 F.3d at 712 (considering whether the defendant provided a credible reason for amending its answer).

District. FAC at ¶ 38. Additionally, Plaintiff currently participates in, and intends to continue participating in Defendants K-12 program through 12th grade. FAC at ¶ 38. Plaintiff will unquestionably be subjected to future discrimination and harm by the District's inaccessible facilities as she matriculates through the levels of their educational program.

If the Court does not permit the requested amendment and allow Plaintiff to challenge the lack of access at the middle and high school facilities she will soon matriculate to, in addition to the elementary school facility in which she is currently placed, Plaintiff will be forced to address Defendants' program inaccessibility via multiple lawsuits. Such a piecemeal approach runs afoul of the Court's strong interest in judicial efficiency, and will unnecessarily interrupt and compromise Plaintiff's educational experience.

### b. Undue Delay

Plaintiff's amendment is timely, coming within the time set by the court for amending the pleadings.

### c. Prejudice to the Opposing Party

As to the third factor, Defendants might wrongly argue that any amendment to Plaintiff's Complaint is prejudicial, newly raising barriers months into the litigation. Any such "prejudice" to Defendants is insubstantial, especially when compared to the prejudice Plaintiff will suffer if she is prevented from pursuing meaningful injunctive relief in this litigation and forced to incur the cost and stress of additional litigation to attain full and equal access to Defendants' K-12 educational program.

### d. Futility of Amendment

Finally, permitting Plaintiff to amend her Complaint is not futile. When considering whether to grant a motion for leave to amend a complaint, Courts generally consider whether plaintiffs can state a claim likely to survive summary

judgment.[8] Defendants cannot point to any defect in the proposed amended pleading that is certain to result in summary judgment in favor of Defendants. Defendants cannot make a showing of futility—or any of the four factors for that matter— necessary to defeat Plaintiffs' motion for leave to amend.

### 2. *If the Proposed Amendment is Not Allowed, Plaintiff will be Forced to File Multiple Lawsuits to Achieve the Injunctive Relief Sought*

As noted above, if the Court does not permit Plaintiff to amend her Complaint, she will be forced to file multiple complaints against Defendants to obtain meaningful injunctive relief and access to Defendants' K-12 educational program.  This, in turn, will burden the Court and discourage and undermine ADA enforcement. "'[U]nder the ADA, private enforcement suits "are the primary method of obtaining compliance with the Act."'"[9]  "[T]he enforcement scheme of [] the ADA would be severely undermined if we were to adopt [a] piecemeal approach."[10]

### 3. *Allowing Amendment of Plaintiff's Complaint is Consistent with the Purpose of the Federal Rules.*

Allowing Plaintiff to amend her Complaint under Rule 15(a)(2), which instructs that courts should allow amendments freely, is consistent with the purpose of the Federal Rules. Rule 1 of the Federal Rules states that all the rules should be "construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."[11] Here, the amendment will expedite resolution of the totality of Plaintiff's claims against the Defendants and reduce costs to the parties and the Court by obviating the need for additional litigation.

---

[8] See *Roth*, 942 F.2d at 628-29 (noting that an amendment is futile when plaintiff cannot allege a contract in a breach of contract case).
[9] *Chapman* v. *Pier 1 Imports*, 631 F.3d 939, 946 (9th Cir. 2011)(quoting *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039 (9th Cir. 2008) and *Trafficante v. Metro. Life Ins. Co.*, 409 U.S. 205, 209 (1972)).
[10] *Doran*, 524 F.3d 1034, 1043.
[11] Fed. R. Civ. P. 1.

## V.  CONCLUSION

On the basis of the foregoing, Plaintiff respectfully requests that her Motion for Leave to File her First Amended Complaint, attached hereto at Exhibit A, be granted.

DATED: November 18, 2013

                                    _____
                                    Anna Rivera
                                    Attorneys for Plaintiff. S.T., a minor, by and
                                    through her Guardian *Ad Litem*, Jan Bowers
                                    Thomas

8

# EXHIBIT A

Paula D. Pearlman (SBN 109038)
Paula.Pearlman@lls.edu
Maronel Barajas (SBN 242044)
Maronel.Barajas@lls.edu
Anna Rivera (SBN 239601)
Anna.Rivera@lls.edu
DISABILITY RIGHTS LEGAL CENTER
800 S. Figueroa St., Suite 1120
Los Angeles, CA 90017
Tel: (213) 736-1496;  Fax: (213) 736-1428

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| S.T., a minor, by and through her Guardian *Ad Litem*, JAN BOWERS,<br><br>Plaintiff,<br><br>vs.<br><br>COMPTON UNIFIED SCHOOL DISTRICT, a public entity; SUPERINTENDENT DARIN BRAWLEY in his official capacity, LOS ANGELES COUNTY OFFICE OF EDUCATION, a public entity; SUPERINTENDENT ARTURO DELGADO in his official capacity; and DOES 1 - 9, inclusive,<br><br>Defendants. | Case No.: CV 13-01889-PSG (PLAx)<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND INDIVIDUAL DAMAGES FOR VIOLATIONS OF:**<br>1.   **Americans with Disabilities Act;**<br>2.   **Section 504 of the Rehabilitation Act;**<br>3.   **California Government Code §11135;**<br>4.   **Unruh Civil Rights Act (Cal. Civ. Code §51, *et seq.*);and**<br>5.   **California Government Code §815.6**<br><br><br>**DEMAND FOR JURY TRIAL** |

1

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, S.T., a Minor by and through her Guardian *ad litem*, JAN BOWERS, complains of Defendants LOS ANGELES COUNTY OFFICE OF EDUCATION, SUPERINTENDENT DARIN BRAWLEY, COMPTON UNIFIED SCHOOL DISTRICT, SUPERINTENDENT ARTURO DELGADO, and DOES 1-9 inclusive, and alleges as follows:

## I.    INTRODUCTION

1.    The Americans with Disabilities Act ("ADA") was enacted over twenty years ago, establishing the most important and comprehensive civil rights law for persons with disabilities in our country's history.  One of the principal goals of the ADA is the integration of people with disabilities into all aspects of social life.  42 U.S.C. § 12101(a).  Despite this long-standing mandate, from on or about September 2011 to on or about April 2013 Defendants failed to provide S.T with meaningful access to the services, programs and activities offered at the Longfellow Elementary School (hereafter 'Longfellow") by, among other things, (1) constructing and/or failing to remove architectural barriers; (2)  failing and/or refusing to provide reasonable accommodations to S.T. on campus; (3) segregating students with disabilities from their non-disabled peers during meal times, recreational activities, and through classroom location, and (4) failing to adequately address the needs of students with mobility impairments in its emergency management plans.   Additionally, since transferring Plaintiff from Longfellow Elementary to Lincoln Drew Elementary (hereafter "Lincoln") on or about April 2013, Defendants have subjected Plaintiff to similar discrimination, including constructing and/or failing to remove architectural barriers.

2.    On information and belief the barriers at Longfellow and Lincoln are indicative of program-wide access barriers that exist throughout Defendants' K-12 educational program and violate Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq*. ("Title II"), Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 *et seq*. ("Section 504") and related California statutes.

2

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

3.      Plaintiff brings the instant lawsuit to challenge these barriers, specifically seeking relief that will ensure her meaningful access to Defendants' program as she matriculates through the remaining levels of education in Defendants' K-12 program.  As a result of Defendants' discriminatory acts and omissions, Plaintiff has suffered, and will continue to suffer, damages, and has been, and will continue to be denied meaningful access to Defendants' services, programs and activities. Through this lawsuit, Plaintiff seeks compensation for her injuries, a declaration that her rights have been violated, and an injunction requiring Defendants to provide equal access to the programs, services and activities offered through its K-12 education program for students with disabilities who use wheelchairs as required by law.

## II.    JURISDICTION AND VENUE

4.      The first two claims alleged herein arise under the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq*. ("ADA"), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq*. ("Section 504"), such that the jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. Through the same actions and omissions that form the basis of the Plaintiff's federal claims, the Defendants have also violated Plaintiff's rights under state law, over which this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. This Court has jurisdiction over Plaintiff's claims for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 65 of the Federal Rules of Civil Procedure.

5.      Venue over Plaintiff's claims is proper in the Central District of California because the Defendants reside in the Central District of California within the meaning of 28 U.S.C. § 1391, and because a substantial part of the events, acts, and omissions giving rise to Plaintiff's claims occurred in the Central District of California.

3

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## III.   PARTIES

### *Plaintiff*

6.     S.T. ("Plaintiff") is nine-years-old and a student in the sixth grade at
Lincoln.  She is eligible to receive special education services.  Plaintiff has cerebral
palsy and spastic quadriplegia, disabilities that necessitate the use of a wheelchair
for mobility.  She has also been diagnosed as having a developmental disability
and requires full assistance with toileting.

7.     Plaintiff is a "qualified person with a disability" within the meaning of all
applicable statutes including 42 U.S.C. § 12131(2), 29 U.S.C. § 705(20)(B), and
California Government Code § 12926.

8.     At all times relevant herein, Plaintiff was and is a resident of Los Angeles
County.

### *Defendants*

*Compton Unified School District and Darin Brawley as Superintendent of the*
*Compton Unified School District*

9.     Defendant Darin Brawley is the Superintendent of the District. The
Superintendent of the District has authority and control of the District elementary
schools and facilities, including the policies, practices, procedures, facilities,
maintenance, programs, activities, services and employees of said schools and
facilities. The Superintendent is responsible for ensuring that District schools and
facilities comply with anti-discrimination laws. The Superintendent is sued in his
official capacity.

10.     Defendant Compton Unified School District ("District") is a public school
district.

11.     Presently, and at all times relevant to this complaint, the District was and is a

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    public entity within the meaning of Title II of the ADA.

2    12.    Presently, and at all times relevant to this complaint, the District was and is a

3    recipient of federal funding within the meaning of the Rehabilitation Act, and state

4    financial assistance within the meaning of Government Code Section §11135.

5    13.    Presently, and at all times relevant to this complaint, the District was and is a

6    "business establishment" within the meaning of the Unruh Act.

7    14.    The District is the owner, operator, or lessor/lessee of Longfellow.  It is

8    responsible for promulgating policies and procedures concerning the use of these

9    facilities.

10   15.    The District is the owner, operator, or lessor/lessee of Lincoln.  It is

11   responsible for promulgating policies and procedures concerning the use of these

12   facilities.

13   16.    The District is the owner, operator, or lessor/lessee of eight middle schools

14   and eight high schools.  It is responsible for promulgating policies and procedures

15   concerning the use of these facilities.  As a result of Plaintiff's participation in the

16   special education program for students with multiple disabilities, her placement

17   within the District will not necessarily be her home school as is the practice with

18   general education students.  Plaintiff may attend any of the eight middle schools,

19   including: Bunche Middle School, Davis Middle School, Enterprise Middle

20   School, Roosevelt Middle School, Vanguard Learning Center, Walton Middle

21   School, Whaley Middle School, Willowbrook Middle School.  Similarly, Plaintiff

22   may attend any of the three high schools, including: Centennial High School,

23   Compton High School, Dominguez High School.

24   17.    Defendant District is a governmental entity organized as a school district

25   under the laws of the State of California, with the capacity to sue and be sued.  The

26   District is sued in its own right and on the basis of the acts of its officials, agents

27   and employees, including those associated with Lincoln.  Under California

28   Government Code § 815(a), the District is liable for any and all wrongful acts in

5

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   violation of state law hereinafter complained of and committed by any District

2   entity and its employees acting within the course and scope of his employment.

3   *Los Angeles County Office of Education and Arturo Delgado as Superintendent*

4   *of the Los Angeles County Office of Education*

5   18.   Defendant Arturo Delgado is the Superintendent of the Los Angeles County

6   Office of Education ("LACOE"). The Superintendent of LACOE has authority and

7   control of LACOE elementary schools and facilities, including the policies,

8   practices, procedures, facilities, maintenance, programs, activities, services and

9   employees of said schools and facilities. The Superintendent is responsible for

10  ensuring that LACOE schools and facilities comply with anti-discrimination laws.

11  The Superintendent is sued in his official capacity.

12  19.   Defendant LACOE is a public agency that provides programs and services

13  for the 80 school districts in Los Angeles County, including Compton Unified

14  School District.

15  20.   It operates special education programs at various District facilities including

16  Longfellow and Lincoln for students with severe disabilities.

17  21.   Presently, and at all times relevant to this complaint, LACOE was and is a

18  public entity within the meaning of Title II of the ADA.

19  22.   Presently, and at all times relevant to this complaint, LACOE was and is a

20  recipient of federal funding within the meaning of the Rehabilitation Act, and state

21  financial assistance within the meaning of California Government Code § 11135.

22  23.   Presently, and at all times relevant to this complaint, the District was and is a

23  "business establishment" within the meaning of the Unruh Act.

24  24.   Upon information and belief, LACOE is the operator or lessee of

25  Longfellow and Lincoln.  It is responsible for promulgating policies and

26  procedures concerning the use of, at minimum, a portion of these facilities.

27  25.   Under California Government Code § 815(a), LACOE is liable for any and

28  all wrongful acts in violation of state law hereinafter complained of and committed

6

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  by any LACOE entity and its employees acting within the course and scope of his

2  employment.

3  26.    Plaintiff and Defendant LACOE have reached a settlement.  The minor's

4  compromise is pending before this Court and currently scheduled to be heard on

5  November 25, 2013.  As Defendant LACOE remains a party to this action until

6  such time the Court approves the minor's compromise and Defendant LACOE is

7  dismissed – Defendant LACOE is herein included as a defendant to Plaintiff's First

8  Amended Complaint.  The expanded scope of Plaintiff's claims and related request

9  for relief is asserted only against Defendant District; no additional relief or claims

10  are asserted against Defendant LACOE by way of the amendment.

11

12  ***Defendants Generally***

13  27.    Plaintiff is informed and believes that each of the Defendants is the agent,

14  ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee,

15  representative, franchiser, franchisee, lessor, lessee, joint venturer, parent,

16  subsidiary, affiliate, related entity, partner, and/or associate, or such similar

17  capacity, of each of the other Defendants, and was at all times acting and

18  performing, or failing to act or perform, within the course and scope of such

19  similar aforementioned capacities, and with the authorization, consent, permission

20  or ratification of each of the other Defendants, and is personally responsible in

21  some manner for the acts and omissions of the other Defendants in proximately

22  causing the violations and damages complained of herein, and have participated,

23  directed, and have ostensibly and/or directly approved or ratified each of the acts

24  or omissions of each of the other Defendants, as herein described. Plaintiff will

25  seek leave to amend when the true names, capacities, connections, and

26  responsibilities of Defendants DOES 1 through 9, inclusive are ascertained.

27  28.    Hereafter, references to "Defendants" shall include Paragraphs 9-26,

28  inclusive, above.

7

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## IV.    FACTS APPLICABLE TO ALL CLAIMS

29.     The District is located in the south central region of Los Angeles County and serves nearly 26,000 students.  Longfellow and Lincoln are two of twenty-four elementary schools in the District.

30.    LACOE, a public agency, operates programs at several of the District's facilities and provides direct instruction to District students with severe disabilities.

31.    Plaintiff has cerebral palsy and spastic quadriplegia, disabilities that necessitate the use of a wheelchair for mobility. She has also been diagnosed as having a developmental disability and requires full assistance with toileting.

32.    From on or about September 2011 to on or about April 2013, while at Longfellow, Plaintiff was denied equal access to the programs, services and activities offered by Defendants at Longfellow due to physical barriers and Defendants' failure to modify their discriminatory policies.  The barriers encountered by Plaintiff included:

        a. <u>Inaccessible paths of travel</u>:  The paths of travel within the Longfellow campus, when looked at in their entirety, were inaccessible to wheelchair users due to conditions including uneven and broken pavement that exposed Plaintiff to unnecessary risk of harm.  The driveway and sidewalk area at the entrance to Longfellow are uneven and broken.  The terrain from the front gate to Plaintiff's former classroom is also uneven and there is a gap in the transition from asphalt to concrete.  Portions of the pavement are so uneven that, historically, sheets of plywood have been laid down on top of the pavement in an attempt to remediate the situation.  In addition, during rainy weather, portions of the campus will

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

often flood making certain paths of travel unavailable because Plaintiff cannot navigate them safely.  Similar conditions exist when traveling from the parking lot to the main campus. Plaintiff was forced to take circuitous routes to avoid the flooded area and get around campus.  The conditions at Longfellow placed Plaintiff at risk of injury daily, and made traveling to and from different locations on campus extremely difficult.

b. Inaccessible stage in the cafeteria: Plaintiff was denied participation in school wide activities as a result of the inoperable wheelchair lift to the stage in the cafeteria.  Because the wheelchair was inoperable, Plaintiff had to be physically lifted in her wheelchair from the lower level to the stage by school staff and/or her mother in order to participate in school events that took place on stage.

c. Inaccessible restroom facilities: Plaintiff was restricted to using a single restroom on the Longfellow campus that was specifically designated for the use of the special education-eligible students on campus that were served by Defendant LACOE.  The restroom facility was not accessible in that, among other things, it lacks sufficient floor clearance and transition space to accommodate wheelchair users. Additionally, because it appeared that all the special education students with mobility impairments at Longfellow used this single facility, Plaintiff often waited 20-30 minutes before being allowed to use the restroom.  However, such was not the case for general education students who had access to several restroom facilities on campus.

9

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

d. <u>Inaccessible classroom</u>:  Plaintiff's classroom was also inaccessible in that it lacked sufficient floor clearance and transition space.  She was in a class with a total of nine students, and five personnel.  When the students were assembled in the classroom for circle time, Plaintiff was unable to freely move about in the room.  She could not, for instance, move to the other side of the circle to join a different classmate in circle time activity.  In order for Plaintiff to have maneuvered about the classroom, classroom furniture must be reorganized which necessarily disrupts classroom instruction.  Space within the classroom was so limited that teaching tools, such as a student computer station, could not be used because there is simply no place to put it.  These limitations, however, did not exist in the general education classrooms.

e. <u>Lack of adequate classroom storage:</u> Plaintiff takes a variety of medications due to her disability.  Defendants, recognizing the need to have a supply of Plaintiff's medications at hand, instructed Plaintiff's mother to provide the teacher with a week's work of Plaintiff's medication in case of emergency.  However, due to the lack of space in the classroom, there was simply no room to safely, and confidentially store the emergency medication.  The limited classroom storage exposed Plaintiff to unnecessary risk of harm.

f. <u>Inaccessible playground equipment:</u> Plaintiff was denied full and equal access to the playground equipment at Longfellow.  Although the Defendants had repaired the playground equipment on or about February 2013, it was still not accessible for students with mobility disabilities.  Because of her

10

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

disabilities, Plaintiff could not enjoy the benefits of the playground equipment.  During playtime, Plaintiff was segregated from her peers and forced to sit on the sideline and watch other students climb the structure and enjoy the slide and swings.

g.  <u>Lack of proper emergency management plans:</u> The District's emergency classroom exit procedures for Plaintiff's classroom failed to properly plan for Plaintiff as a person with a disability. Her classroom had a single door as well as one window, which is a specially designed fire-escape window.  Classroom personnel had been instructed to use the fire-escape window as an alternate means of exit in case of emergency.  The fire escape window required the user to pull down on a cord and push out the window.  Classroom personnel were then to assist students in climbing out the window.  As a result of her disabilities, Plaintiff was not able to climb out of a window even with assistance.  She would have to be physically lifted from her wheelchair and, presumably, handed off to a second person standing outside the classroom.  The classroom window itself was located several feet above ground level – making the prospect of transferring Plaintiff from one adult to another that much more difficult and dangerous.

h.  <u>Segregation from non-disabled peers:</u> The Defendants further discriminated against Plaintiff by segregating her from her non-disabled peers on campus.  Plaintiff's classroom was physically located at the far north edge of campus.  It appeared that all of the students with physical disabilities, like Plaintiff, attended class on the north side, separate from the majority of the general

11

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    education classrooms.  In addition, the general education

2    students and special education students were on different meal

3    and recess schedules.  Plaintiff was denied the opportunity to

4    interact with her non-disabled peers during these important

5    social and recreational time periods.

6    33.    Plaintiff is currently a student of Defendants and in the sixth grade at

7    Lincoln.  She continues to be denied equal access to the programs, services and

8    activities offered by Defendants at Lincoln due to physical barriers and

9    Defendants' failure to modify their discriminatory policies.  The barriers

10    encountered by Plaintiff include:

11    a.    Inaccessible paths of travel:  The paths of travel within the

12    Lincoln campus, when looked at in their entirety, are

13    inaccessible to wheelchair users due to conditions including

14    uneven and broken asphalt and/or pavement when traveling

15    from the parking lot to the main campus.  The conditions at

16    Lincoln place Plaintiff at risk of injury daily, and made

17    traveling to and from different locations on campus extremely

18    difficult.

19    b.    Inaccessible stage in the cafeteria: Plaintiff is denied

20    participation in school wide activities as a result of an

21    inaccessible stage in the cafeteria.  The stage does not have a

22    ramp or lift that allows her access to the stage.  Plaintiff has to

23    be physically lifted in her wheelchair from the lower level to

24    the stage by school staff and/or her mother in order to

25    participate in school events that take place on stage.

26    c.    Inaccessible restroom facilities: Plaintiff requires the use of a

27    restroom with a changing table and is restricted to the using the

28    single restroom on the Lincoln campus that has such a table.

12

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

The restroom facility with a changing table that is used by Plaintiff at Lincoln is not accessible in that, among other things, it lacks sufficient clearance space in the stall for an aide to safely and privately change Plaintiff's diaper. In addition, it lacks sufficient floor clearance and transition space to accommodate wheelchair users.

34.     From on or about May 2012 to on or about August 2013, while at Roosevelt Middle School (hereafter "Roosevelt") for Extended School Year services[1], Plaintiff was denied equal access to the programs, services and activities offered by Defendants at Roosevelt due to physical barriers and Defendants' failure to modify their discriminatory policies. Plaintiff is likely to attend Roosevelt in the future – either again for Extended School Year services or as her school of attendance when she enters middle school. The barriers encountered by Plaintiff included:

a. Inaccessible restroom facilities: Plaintiff requires the use of a restroom with a changing table and was restricted to the using the single restroom on the Roosevelt campus that has such a table. The restroom facility with a changing table that was used by Plaintiff at Roosevelt is not accessible in that, among other things, it lacks sufficient clearance space in the stall for an aide to safely and privately change Plaintiff's diaper. In addition, it lacks sufficient floor clearance and transition space to accommodate wheelchair users.

b. Inaccessible classroom: Plaintiff's classroom was also inaccessible in that it lacked sufficient floor clearance and transition space. When the students were assembled in the classroom for circle time, Plaintiff was unable to freely move

---

[1] Extended School Year services are special education and related services provided to eligible students with disabilities beyond the normal school year of the school district. *See*, 34 C.F.R. §300.106

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

about in the room.  She could not, for instance, move to the other side of the circle to join a different classmate in circle time activity.  In order for Plaintiff to have maneuvered about the classroom, classroom furniture must be reorganized which necessarily disrupts classroom instruction.  Space within the classroom was so limited that teaching tools, such as a student computer station, could not be used because there is simply no place to put it.  These limitations, however, did not exist in the general education classrooms.

35.    As the result of the barriers and discriminatory policies described herein, Plaintiff has been and continues to be excluded from equal access to and use of the same K-12 educational programs, services and activities offered by Defendants.

## V.    INJURY TO PLAINTIFF

36.    As the result of Defendants' acts and omissions and the acts or omissions of its representatives and agents, as herein described, Plaintiff was, and will continue to be denied equal access to Defendants' programs, services and activities, and has suffered extreme emotional and physical distress, loss of her civil rights and a loss of educational opportunity.  The ongoing nature of Defendants' discrimination constitutes an ongoing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury.

37.    The above failings, in combination with erroneous assumptions about the capabilities and legal rights of persons with disabilities, ensure limited, inferior physical access to Defendants' K-12 educational program.  This discrimination has a dramatic impact on Plaintiff.

## VI.    RIGHT TO INJUNCTIVE AND DECLARATORY RELIEF

38.    Plaintiff intends to remain with District boundaries. She will attend one of the eight middle schools and one of three high schools as she matriculates through

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   the District's K-12 educational program.

2   39.   Unless enjoined, Defendants will continue to engage in the unlawful acts

3   and pattern and practice of discrimination described above. Plaintiff has no

4   adequate remedy at law. Accordingly, Plaintiff is entitled to injunctive relief.

5   40.   An actual controversy has arisen and now exists between the parties

6   concerning their respective rights, duties and obligations under Federal and State

7   law.  Accordingly, Plaintiff is entitled to declaratory relief.

8

9   **VI.   COMPLIANCE WITH GOVERNMENT CLAIM REQUIREMENTS**

10   *(With regard to claims for damages under California state law.)*

11   41.   As to her damages claims, Plaintiff filed a government claim pursuant to Cal

12   Gov't Code § 910 et seq. with the District and LACOE, on December 20, 2012 and

13   December 21, 2012 respectively.  Those claims included a pre-litigation demand to

14   stop Defendants' ongoing unlawful practices and continuing violation of the law.

15   Plaintiff's government claim was rejected via written notice pursuant to Gov't

16   Code §913 by the District on February 4, 2013and LACOE on February 8, 2013.

17

18   **FIRST CLAIM FOR RELIEF**
    **The Americans with Disabilities Act**

19   **42 U.S.C. § 12101 *et seq.***

20

21   42.   Plaintiff incorporates by reference each and every allegation contained in the

22   foregoing paragraphs.

23   43.   Congress enacted the ADA upon finding, among other things, that "society

24   has tended to isolate and segregate individuals with disabilities," and that such

25   forms of discrimination continue to be a "serious and pervasive social problem."

26   42 U.S.C. § 12101(a)(2).

27   44.   In response to these findings, Congress explicitly stated that the purpose of

28   the ADA is "to assure equality of opportunity, full participation, independent

15

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  living, and economic self-sufficiency for such individuals [with disabilities]." 42

2  U.S.C. § 12101(b)(7).

3  45.    Title II of the ADA provides in pertinent part: "[N]o qualified individual

4  with a disability shall, by reason of such disability, be excluded from participation

5  in or be denied the benefits of the services, programs, or activities of a public

6  entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

7  46.    At all times relevant to this action, Defendants were each a "public entity"

8  within the meaning of Title II of the ADA, and provided a program, service or

9  activity to the general public. 42 U.S.C. § 12131.

10  47.    At all times relevant to this action, Plaintiff was and is a qualified individual

11  within the meaning of Title II of the ADA, and meets the essential eligibility

12  requirements for the receipt of the services, programs, or activities of the

13  Defendants.  42 U.S.C. § 12131.

14  48.    Defendants' acts and omissions as herein alleged have excluded and/or

15  denied Plaintiff the benefit of and/or participation in the programs and activities

16  offered by Defendants to students at Lincoln and its middle and high schools, in

17  violation of Title II and its implementing regulations. Defendants' discriminatory

18  conduct includes, inter alia::

19      A. Denying Plaintiff the opportunity to participate in or benefit from the aids,

20          benefits, or services offered by Defendants to students at Lincoln and its

21          middle and high schools on the basis of her disability (28 C.F.R. §

22          35.130(b)(1)(i));

23      B. Affording Plaintiff an opportunity to participate in or benefit from the aids,

24          benefits, or services offered by Defendants to students at Lincoln and its

25          middle and high schools that is not equal to that afforded her non-disabled

26          peers (28 C.F.R. § 35.130(b)(1)(ii));

27      C. Providing Plaintiff with an aid, benefit, or service that is not as effective in

28          affording equal opportunity to obtain the same result, to gain the same

16

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

benefit, or to reach the same level of achievement as that provided to others (28 C.F.R. § 35.130(b)(1)(iii));

D. Provide different or separate aids, benefits, or services to individuals with disabilities or to any class of individuals with disabilities than is provided to others unless such action is necessary to provide qualified individuals with disabilities with aids, benefits, or services that are as effective as those provided to others; (28 C.F.R. § 35.130(b)(1) (iv)

E. Otherwise limiting Plaintiff in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aids, benefits, or services offered by Defendants to students at Lincoln and its middle and high schools (28 C.F.R. § 35.130(b)(1)(vii));

F. Utilizing methods of administration that have the effect of subjecting Plaintiff to discrimination on the basis of disability (28 C.F.R. § 35.130(b)(3)(i)); and

G. Failing to make reasonable modifications in policies, practices, or procedures where necessary to avoid discrimination on the basis of disability (28 C.F.R. § 35.130(b)(7)).

49.    Plaintiff is informed, believes, and based thereon alleges that Defendants committed the acts and omissions alleged herein with intent and/or reckless disregard of Plaintiff's rights.

50.    Pursuant to 42 U.S.C. §§ 12133 and 12205, Plaintiff is entitled to declaratory and injunctive relief as well as reasonable attorneys' fees and costs incurred in bringing this action.

**SECOND CLAIM FOR RELIEF**
**Section 504 of the Rehabilitation Act**
**29 U.S.C. § 794 *et seq.***

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

51.     Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

52.     Section 504 of the Rehabilitation Act of 1973 provides in pertinent part: "[N]o otherwise qualified individual with a disability…shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance…" 29 U.S.C. § 794.

53.     Plaintiff is at all times relevant herein a qualified individual with a disability within the meaning of the Rehabilitation Act because she has a physical impairment that substantially limits one or more of her major life activities.  29 U.S.C. § 705(20)(B).

54.     Plaintiff is otherwise qualified to participate in the services, programs, or activities that are provided to students at Lincoln facilities and its middle and high schools. *See* 29 U.S.C. § 794(b).

55.     At all times relevant to this action, Defendants were recipients of federal funding within the meaning of the Rehabilitation Act. *See* 29 U.S.C. § 794(b) & 20 U.S.C. § 7801(26).

56.     Defendants' acts and omissions as herein alleged have excluded and/or denied Plaintiff the benefit of and/or participation in the programs and activities offered by Defendants to students at Lincoln and its middle and high schools, in violation of Section 504 and its implementing regulations.  Defendants' discriminatory conduct includes, inter alia:

    A. Denying Plaintiff the opportunity to participate in or benefit from the aids, benefits, or services offered by Defendants to students at Lincoln and its middle and high schools (34 C.F.R. §  104.4(b)(1)(i));

    B. Affording Plaintiff an opportunity to participate in or benefit from the aids, benefits, or services offered by Defendants to students at Lincoln and its middle and high schools that is not equal to that afforded her non-

18

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

disabled peers (34 C.F.R. § 104.4(b)(1)(ii));

    C.  Providing Plaintiff with aids, benefits, or services that are not as effective as that provided to other students at Lincoln and its middle and high schools (34 C.F.R. § 104.4(b)(1)(iii)); and

    D.  Otherwise limiting Plaintiff in the enjoyment of the rights, privileges, advantages or opportunities enjoyed by other students at Lincoln and its middle and high schools (34 C.F.R. § 104.4(b)(1)(vii)).

57.    Plaintiff is informed, believes, and based thereon alleges that Defendants committed the acts and omissions alleged herein with intent and/or reckless disregard of Plaintiff's rights.

58.    Pursuant to 29 U.S.C. § 794(a) Plaintiff is entitled to declaratory and injunctive relief and to recover from Defendants the reasonable attorneys' fees and costs incurred in bringing this action.

## THIRD CLAIM FOR RELIEF
## California Government Code § 11135

59.    Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

60.    Section 11135(a) of the California Government Code provides in pertinent part that no person in the State of California shall, on the basis of disability, be unlawfully denied the benefits of, or be unlawfully subjected to discrimination under any program or activity that is funded directly by the state or receives any financial assistance from the state.  California Government Code § 11135(a).

61.    At all times relevant to this action, Plaintiff was and is a qualified individual within the meaning of the California Government Code § 11135(b) as defined by California Government Code § 12926 (l) & (m) and meets the essential requirements for the receipt of the services, programs, or activities of the

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Defendants.  Cal. Gov't Code § 11135.

62.     At all times relevant to this action, the Defendants received financial assistance from the State of California.  *Id.*  Defendants' discriminatory policies and practices deny Plaintiff full and equal access the services, programs and activities offered by Defendants to students at Lincoln and its middle and high schools in violation of California Government Code § 11135 and the regulations promulgated there-under.

63.     Defendants have violated California Government Code § 11135(b) in that the conduct alleged herein constitutes a violation of the ADA, 42 U.S.C. § 12132.

64.     As the proximate result of Defendants' violations of § 11135, Plaintiff has been injured as set for the herein. Unless enjoined, Defendants' conduct will continue to inflict injuries for which Plaintiff has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
### Unruh Civil Rights Act
### California Civil Code § 51 *et seq.*

65.     Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

66.     Through the acts and omissions described herein, Defendants have violated California Civil Code § 51(b) which provides in pertinent part that, "All persons within the jurisdiction of this state are free and equal, and no matter what his…disability or medical condition … are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

67.     Pursuant to California Civil Code § 51(f), a violation of the ADA also constitutes a violation of California Civil Code § 51 *et seq.*

68.     At all times relevant to this action, Plaintiff was and is a qualified individual

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1    within the meaning of the California Civil Code §51 as defined by California

2    Government Code § 12926 (l) & (m).

3    69.     The Defendants meet the definition of a "business establishment" within the

4    meaning of California Civil Code § 51 *et seq.*

5    70.     Defendants have violated the Unruh Act by, <u>inter alia</u>, denying, or aiding or

6    inciting the denial of, Plaintiff's rights to full and equal use of the

7    accommodations, advantages, facilities, privileges, or services offered by

8    Defendants to students at Lincoln and its middle and high schools. Defendants

9    have also violated the Unruh Act by denying, or aiding or inciting the denial of

10   Plaintiff's rights to equal access arising from the provisions of the ADA.

11   71.     Pursuant to California Civil Code § 52.1(f), Defendants are liable to

12   Plaintiff for up to three times the amount of actual damages, but in no case less

13   than $4,000 for every violation of California Civil Code §51 et seq., for injunctive

14   relief and for attorneys' fees and costs incurred in this action.

15

### FIFTH CLAIM FOR RELIEF

### Violation of Mandatory Duty

### California Government Code § 815.6

19

20   72.     Plaintiff incorporates by reference each and every allegation contained in the

21   foregoing paragraphs.

22   73.     California Civil Code § 815.6 provides for liability against a public entity

23   when:

24           (a)    The entity violates an enactment;

25           (b)    The Plaintiff is in the class of persons protected by the

26                  enactment;

27           (c)    The enactment is designed to protect the kind of injury

28                  complained of by Plaintiff;

21

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

     (d)    The violation proximately caused the injury; and

     (e)    The public entity did not exercise reasonable diligence in discharging its duty established by the enactment.

74.    An enactment includes a federal or state constitutional provision, statute, charter provision, ordinance, or properly adopted regulation.

75.    The statutes cited throughout the various causes of action in this complaint are all enactments within the meaning of Cal. Civil Code § 815.6. Plaintiff is in the class of persons protected by these enactments.

76.    The aforementioned enactments constitute mandatory duties within the meaning of California Civil Code § 815.6, and were designed to prevent the kind of injuries alleged herein

77.    Defendants, as described in this complaint, did not exercise reasonable diligence in discharging their duty established by the enactments enumerated above to refrain from violating the Plaintiff's constitutional and statutory rights.

78.    Because Defendants' discriminatory conduct is ongoing, equitable, declaratory, and injunctive reliefs are appropriate remedies.

## V.    PRAYER FOR RELIEF

    WHEREFORE, Plaintiff requests the following against each Defendant:

79.    A declaration that Defendants' conduct as alleged herein has violated, and continues to violate Title II of the Americans with Disabilities Act; Section 504 of the Rehabilitation Act of 1973; California Government Code §§ 11135 and 815.6; and California Civil Code §§ 51.

80.    An injunction against Defendants from violating the Americans with Disabilities Act; Section 504 of the Rehabilitation Act of 1973; California Government Code §§ 11135 and 815.6; and California Civil Code §§ 51.

81.    Retain jurisdiction of this case until Defendants have fully complied with the

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   orders of this Court, and there is a reasonable assurance that Defendants will

2   continue to comply in the future, absent continuing jurisdiction;

3   82.   In addition to actual damages, statutory damages as allowed by law.

4   83.   For Plaintiff S.T., general and special damages according to proof;

5   84.   Award Plaintiff's attorneys' fees and costs, as provided by statute; and

6   85.   Such other relief as the Court finds just and proper.

7   **DEMAND FOR JURY TRIAL**

8        Plaintiff demands a jury trial.

9

10  Dated: November 18, 2013          Respectfully submitted,

11                                    DISABILITY RIGHTS LEGAL CENTER

12

13

14

15                                    Anna Rivera
                                      Attorneys for Plaintiff. S.T., a minor, by and
16                                    through her Guardian Ad Litem, JAN
                                      BOWERS THOMAS
17

18

19

20

21

22

23

24

25

26

27

28

23

FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF